UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KIM L. CRAFT,

            Plaintiff,                        CIVIL ACTION NO. 07-10824

            v.                              DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF                    MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

            Defendant.
_____/

## REPORT AND RECOMMENDATION

## I.  Introduction

      This Social Security case comes before the court on the Commissioner's Motion for summary judgment.  Plaintiff did not file a motion for summary judgment or a response to the Commissioner's Motion.  For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's complaint be dismissed with prejudice.

## II.  Background

      On January 17, 1990, plaintiff was awarded Social Security Disability Benefits (DIB) with an established onset date of January 17, 1990.  (Tr. 14, 140)  Plaintiff later engaged in trial work periods from March 1994 to July 1994, and February 1995 through May 1995.  (Tr. 14, 140), before having an extended period of disability from June 1995 to May 1998.  (Tr. 14, 140)

In August 2001, the Social Security Administration (SSA) determined that plaintiff's disability ended June 1995 and that she was not entitled to payments beginning September 1995. (Tr. 46-48)  However, plaintiff continued to receive benefit payments through December 2001, resulting in an overpayment of $52, 079,60.  (Tr. 58)  Plaintiff subsequently remitted a portion of the payments and returned the checks from October and December 2001 (Tr. 58-62, 92-93)

Plaintiff requested waiver of the overpayment.  (Tr. 84-91)  The SSA denied plaintiff's request for waiver of the overpayment.  (Tr. 96-100)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 101-102)  The hearing was held on August 29, 2005, before ALJ Kathryn D. Burgchardt.  (Tr. 138-154)  Plaintiff, represented by counsel, appeared and testified at the hearing.

On November 18, 2005, the ALJ issued a decision denying plaintiff's request for waiver of the overpayment.  (Tr. 14-18)  The ALJ determined that plaintiff had received an overpayment in the amount of $42,690.60 for the period from September 1995 through December 2001 and that plaintiff was not "without fault" in causing the overpayment.  The ALJ also found that, even if plaintiff had been without fault, recovery of the overpayment would not defeat the purpose of 20 C.F.R. § 404.507 or be against equity and good conscience.  (Tr. 18)  Accordingly, the ALJ did not waive the overpayment.  (Tr. 18)

Following the ALJ's denial of her request, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council.  (Tr. 8-10)  The Appeals Council denied the request on November 17, 2006.  (Tr. 5-7)  The ALJ's decision thus became the final decision of the Commissioner.

On February 23, 2007, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, only the Commissioner filed a motion for summary judgment. In that motion, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be thus affirmed.

### III. Legal Standards

#### A. Overpayment Evaluation

42 U.S.C. § 404(a) authorizes the Commissioner to recover overpaid benefit payments from the individual who received the overpayment. However, no overpayment should be recovered from an individual who is without fault if such recovery would defeat the purpose of Title II of the Social Security Act or if such recovery would be against equity and good conscience. 42 U.S.C. § 404(b). In making the "determination of whether any individual is without fault, the Commissioner of Social Security shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language)." 42 U.S.C. § 404(b). "The burden is upon the claimant to establish the negative prerequisite ('without fault'), before the Secretary considers the second tier of the waiver statute." Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir. 1991), quoting Viehman v. Schweiker, 679 F.2d 223, 227 (11th Cir.1982).

#### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's

findings are supported by substantial evidence and whether the ALJ applied the proper legal

standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan,

109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of

evidence but less than a preponderance and is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision

of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would

have supported an opposite conclusion, so long as substantial evidence supports the conclusion

reached by the ALJ." Key, 109 F.3d at 273.

**IV. Analysis**

Plaintiff did not dispute the existence of the overpayment at her hearing and, instead,

argued that she was without fault in receiving and accepting the overpayment. With respect to

fault, 20 C.F.R. § 404.507 provides:

> Fault as used in without fault (see § 404.506 and 42 CFR 405.355)
> applies only to the individual. Although the Administration may
> have been at fault in making the overpayment, that fact does not
> relieve the overpaid individual or any other individual from whom
> the Administration seeks to recover the overpayment from liability
> for repayment if such individual is not without fault. In
> determining whether an individual is at fault, the Social Security
> Administration will consider all pertinent circumstances, including

the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has. What constitutes fault (except for deduction overpayments--see § 404.510) on the part of the overpaid individual or on the part of any other individual from whom the Administration seeks to recover the overpayment depends upon whether the facts show that the incorrect payment to the individual or to a provider of services or other person, or an incorrect payment made under section 1814(e) of the Act, resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

In this case, substantial evidence supports the ALJ's determination that plaintiff failed to meet her burden of showing that plaintiff was "without fault" in receiving and accepting the overpayment. Plaintiff testified that she was without fault because she reported her work status to the SSA every quarter through the SSA's toll free number, she visited the SSA's Highland Park District Office in 1997 to report that she was working, and she mailed forms regarding her work status to the SSA in 1998 and 1999. (Tr. 146-152) However, as noted by the ALJ, there is no evidence in the record supporting plaintiff's testimony that she called or visited the SSA to inform them of her work status, or that she mailed any forms in. (Tr. 17) At the hearing the ALJ noted the absence of any such evidence and she held the record open another week to allow

plaintiff to submit additional evidence.  (Tr. 151-153)  Additional evidence was submitted, but none of it was relevant to plaintiff's claims of regular contact.  (Tr. 129-137)

In light of plaintiff's failure to submit any evidence showing that she was without fault, substantial evidence support the ALJ's finding that plaintiff failed to meet her burden of showing that she was "without fault" in receiving and accepting the overpayment.  Acceptance of a payment which plaintiff either knew or could have been expected to know was incorrect constitutes fault.  20 C.F.R. § 404.507.  Given that substantial evidence supports the ALJ's determination, the Commissioner is entitled to summary judgment in this case.

## V.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated:  February 27, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on February 27, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan